UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
                                                :

SCOTT STEPHENS,                          :   Case No. 1:15-cv-02217-ENV-LB

            Plaintiff,                     :

    -against-                                :

TRUMP ORGANIZATION LLC,          :   **Date of Service:** August 3, 2015
DONALD J. TRUMP, ALAN GARTEN,
and MICHAEL COHEN,                 :

            Defendants.              :
------------------------------------------------------------------------x


# MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANTS' MOTION TO DISMISS COMPLAINT


 

Matthew R. Maron
THE TRUMP ORGANIZATION
725 Fifth Avenue
New York, New York 10022
(212) 715-7200
mmaron@trumporg.com

*Attorney for Defendants*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iii

PRELIMINARY STATEMENT ............................................................................................. 1

STATEMENT OF FACTS ...................................................................................................... 2

    A.  The WIPO Proceeding and Decision………………………………………………....2

    B.  Plaintiff Commences This Action……………………………………………………3

ARGUMENT ........................................................................................................................... 3

    I.      MOTION TO DISMISS STANDARD

    II.     PLAINTIFF'S DEFAMATION CLAIM (COUNT I) FAILS AS A MATTER OF LAW

    III.    PLAINTIFF'S CLAIM FOR TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS (COUNT II) FAILS AS A MATTER OF LAW

    IV.    PLAINTIFF'S DECLARATORY JUDGMENT CLAIMS (COUNTS III THROUGH IV) FAIL AS A MATTER OF LAW

CONCLUSION .................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**CASES** **PAGE**

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009)……………………………………………………………………….*passim*

*ATSI Commc'ns v. Shaar Fund, Ltd.*,
  493 F.3d 82 (2d Cir. 2007)……………………………………………………………………...9

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)……………………………………...……………………..…….…..*passim*

*Carvel Corp. v. Noonan,*
  350 F.3d 6 (2d Cir. 2003)……………………………………………………………………….7

*Catskill Dev., L.L.C. v. Park Place Entm't Corp.*,
  547 F.3d 115 (2d Cir. 2008)…………………………………………………………………….6

*Celle v. Filipino Reporter Enterprises Inc.*,
  209 F.3d 163 (2d Cir. 2000)…………………………………………………….…..…...5, 6

*CGI Solutions LLC v. Sailtime Licensing Grp., LLC*,
  No. 05 CIV. 4120, 2005 WL 3097533 (S.D.N.Y. Nov. 17, 2005)……………………………..8

*DeJesus v. Sears, Roebuck & Co.,*
  87 F.3d 65 (2d Cir. 1996)……………………………………………………………………….9

*Dow Jones v. Harrods Ltd.*,
  346 F.3d 357 (2d Cir. 2003)…………......………………………………..…………………...8

*Emmons v. City University of New York*,
  715 F. Supp. 2d 394 (E.D.N.Y. 2010) …................................................................................. 4

*Erickson v. Pardus,*
  551 U.S. 89 (2007)…….................................................................................................... 3

*Friedman v. Coldwater Creek, Inc.,*
  321 F. App'x 58 (2d Cir. 2009)……………………………………………………………….. 7

*G-I Holdings, Inc., v. Barron & Budd*,
  179 F. Supp. 2d 233 (S.D.N.Y. 2001) ………………………………………………………….7

*Gianni Versace, S.P.A. v. Versace,*
  No. 01 Civ. 9645 (PKL) (THK), 2003 WL 470340 (S.D.N.Y. Feb. 24, 2003)………………………………………………………………………………….…..7

*Gmurzynska v. Hutton*,
   01-cv-5002, 2003 WL 1193727 (RMB) (S.D.N.Y. Mar. 13, 2003)……………………………..9

*Henneberry v. Sumitomo Corp. of Am.*,
   532 F. Supp. 2d 523 (S.D.N.Y. 2007)…………………..……………………………………7

*In Touch Concepts, Inc. v. Cellco P'ship*,
   949 F. Supp. 2d 447 (S.D.N.Y. 2013)……………………………………………...…........5

*Kirch v. Liberty Media Corp.*,
   449 F.3d 388 (2d Cir. 2006)………………….....……………………………………..…...7

*Kramer v. Pollock-Krasner Found.*,
   890 F. Supp. 250 (S.D.N.Y. 1995)……………………………………………………..........7

*McGarry v. Pallito*,
   687 F.3d 505 (2d Cir. 2012).........................................................................................................4

*Medtech Prods. v. Ranir, LLC*,
   596 F. Supp. 2d 778 (S.D.N.Y. 2008)…………………………………………..………7

*Metrokane, Inc. v. The Wine Enthusiast*,
   185 F. Supp. 2d 321 (S.D.N.Y. 2002)..…….........…………………………………..…...9

*Niagara Mohawk Power Corp. v. Hudson River-Black River Reg'ng Dist.*,
   673 F.3d 84 (2d Cir. 2012)……………………….....…………………………...…………8

*Piccoli A/ S v. Calvin Klein Jeanswear Co.*,
   19 F. Supp. 2d 157 (S.D.N.Y. 1998)……………………………………………….……..7

*Reilly v. Natwest Markets Group, Inc.*,
   181 F.3d 253 (2d Cir. 1999). ……………………………………………...…………… 5

*Rescuecom Corp. v. Google Inc.*,
   562 F.3d 123 (2d Cir. 2009)…................................................................................................ 4

*Ruston v. Town Board for Town of Skaneateles*,
   610 F.3d 55 (2d Cir. 2010)…..................................................................................................... 4

*Scholastic, Inc. v. Stouffer*,
   124 F. Supp. 2d 836 (S.D.N.Y. 2000)………………………………..…………………5

*Societe Des Hotels Meridien v. LaSalle Hotel Operating Partnership*,
   02-cv0409 (JSM), 2003 WL 1090281 (S.D.N.Y. Mar. 10, 2003)……………………………9

*Starter Corp. v. Converse, Inc.*,
  84 F.3d 592 (2d Cir. 1996)……………………………………………………………………9

*Thai v. Cayre Grp., Ltd.*,
  726 F. Supp. 2d 323 (S.D.N.Y. 2010)………………………………..………………... 5

*Thome v. Alexander & Louisa Calder Found.*,
  70 A.D.3d 88 (1st Dep't 2009)……………………………………….…………....7

*Universal Marine Med. Supply, Inc. v. Lovecchio*,
  8 F. Supp. 2d 214 (E.D.N.Y. 1998)……………………………………..……………8

*Valley Lane Industries Co. v. Victoria's Secret Brand Management*,
  455 F.App'x 102 (2d Cir. 2012)……………………………………………..…………… 6

*Web-adviso v. Trump*,
  927 F. Supp. 2d 32 (E.D.N.Y. 2013)…………………………………….…………...6

## STATUTES

15 U.S.C. § 1125(d)(1)(A) ........................................................................................ 6

## RULES

Fed. R. Civ. R.12 (b)(6) ........................................................................................ 4, 9

Defendants Trump Organization LLC, Donald J. Trump, Alan Garten and Michael Cohen (collectively, "Defendants") move, pursuant to Fed. R. Civ. R. 12(b)(6), to dismiss the claims asserted by Plaintiff Scott Stephens ("Plaintiff") for failing to state a claim upon which relief can be granted. A copy of Plaintiff's Complaint is annexed to the accompanying Declaration of Matthew R. Maron, dated August 3, 2015 (the "Maron Declaration") as <u>Exhibit 1</u>.

## **PRELIMINARY STATEMENT**

Plaintiff filed this lawsuit against Mr. Trump, his company and two of his executives, in an attempt at retribution for Mr. Trump having filed and, ultimately, prevailed in a proceeding brought before the World Intellectual Property Association ("WIPO") to recover the internet domain name trumpestates.com (the "Domain Name").

In an attempt to manufacture a theory of liability where none exists, Plaintiff, in addition to asking this Court to declare that he has not violated Defendants' trademark rights by virtue of his registration of the Domain Name (Count III), alleges in his Complaint (i) that Defendants defamed him by communicating "to at least one third party" that Plaintiff is a "cyber squatter" who is "violating the law" by reason of his registration of the Domain Name (Count I), (ii) that Defendants have "interfered with Plaintiff's business relations with the intent to harm Plaintiff" (Count II) (iii) that Plaintiff has not violated the Uniform Domain Name Dispute Resolution Policy (the "Policy") adopted by the Internet Corporation for Assigned Names and Numbers ("ICANN") (Counts IV and V) and (iv) that Plaintiff has not violated the Rules for Uniform Domain Name Dispute Resolution Policy (the "Rules") adopted by the ICANN (Count VI).

Simply stated, Plaintiff's claims are frivolous. As will be demonstrated below, the Complaint consists entirely of bare, conclusory and insufficient allegations, devoid of any real facts, all of which fail to satisfy the well-settled pleading requirements articulated in both *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

But even assuming the Complaint did satisfy the *Twombly* and *Ashcroft* standards, each count fails in its own right to state a cognizable claim. Plaintiff's defamation claim cannot stand, for example, because not only do the statements attributed to Defendants, *i.e.*, that Plaintiff is a "cyber squatter" who is "violating the law", plainly constitute protected opinion, but Plaintiff readily admits in the Complaint that he is in the business of buying and selling domain names – the very definition of a "cyber squatter." Similarly, Plaintiff's tortious inference claim fails because Plaintiff fails to identify any specific business relationship that was interfered with by Defendants, that Defendants knew of such relationship, that Defendants acted in bad faith or that Plaintiff suffered any damages as a result. Lastly, none of the declaratory judgment claims can withstand dismissal since they provide almost nothing to substantiate Plaintiff's claims that he has not violated either the Policy or the Rules as a result of his registration, ownership and use of the Domain Name.

In short, due to the obvious deficiencies in the claims asserted by Plaintiff, the Complaint must be dismissed in its entirety, with prejudice.

## STATEMENT OF FACTS

**A.    The WIPO Proceeding and Decision**

On March 18, 2015, Mr. Trump filed a complaint with the WIPO Arbitration and Mediation Center, entitled *Trump v. Stephens*, Case No. D 2015-0478, alleging that the Domain Name registered by Plaintiff is identical or confusingly similar to the TRUMP® trademark which was previously registered by Mr. Trump, that Plaintiff has no rights or legitimate interests in respect of the Domain Name and that the Domain Name has been registered and is being used in bad faith (the "WIPO Proceeding"). A copy of Trump's Complaint in the WIPO Proceeding (with exhibits) is annexed to the Maron Declaration as Exhibit 2.

On May 8, 2015, the Administrative Panel in the WIPO Proceeding issued a decision (the "WIPO Decision"), a copy of which is annexed to the Maron Declaration as <u>Exhibit 3</u>, ordering "that the disputed Domain Name, <trumpestates.com>, be transferred" to Mr. Trump. In it, the Panel explained that (i) because the Domain Name incorporates the TRUMP® trademark "in its entirety", it is confusingly similar, if not identical to Mr. Trump's registered trademark, (ii) Plaintiff had failed to demonstrate any rights or legitimate interest in the Domain Name and, indeed, had been actively trying to sell the Domain Name at a profit, and (iii) Plaintiff's efforts to profit by "capitaliz[ing] on the fame of the Complainant's mark" simply did not "represent a good faith registration and use of the Domain Name."

B.  **Plaintiff Commences This Action**

In clear retaliation for the WIPO Proceeding, on April 19, 2015, before the WIPO Proceeding could even be decided, Plaintiff commenced this action against Defendants seeking $42 million in compensatory damages and $126 million in punitive damages. As will be explained further below, the six (6) counts alleged in the Complaint are not only devoid of any factual allegations, but barely plead the necessary elements to state a cognizable cause of action.

ARGUMENT

I.  **MOTION TO DISMISS STANDARD**

The standard of review on a motion made pursuant to Fed. R. Civ. R. 12(b)(6) is that a plaintiff plead sufficient facts "to state a claim for relief that is plausible on its face." *Twombly,* 550 U.S. at 570. The pleading of specific facts is not required; rather a complaint need only give the defendant "fair notice of what the * * * claim is and the grounds upon which it rests." *Erickson v. Pardus,* 551 U.S. 89, 93 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' "*Iqbal*, 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid

3

of 'further factual enhancement.'" *Id.* (quoting *Twombly,* 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly,* 550 U.S. 544. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 678.

In deciding a motion pursuant to Rule 12(b)(6), the Court must liberally construe the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *See McGarry v. Pallito,* 687 F.3d 505, 510 (2d Cir. 2012); *Rescuecom Corp. v. Google Inc.,* 562 F.3d 123, 127 (2d Cir. 2009). However, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. 662. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679; *see also Ruston v. Town Board for Town of Skaneateles,* 610 F.3d 55, 59 (2d Cir. 2010) ("A court can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." (quotations and citations omitted)).

## II. PLAINTIFF'S DEFAMATION CLAIM (COUNT I) FAILS AS A MATTER OF LAW

Under New York law as applied in this Court, "a claim for defamation must allege (1) a false statement about the [complainant]; (2) published to a third party without authorization or privilege; (3) through fault amounting to at least negligence on [the] part of the publisher; (4) that either constitutes defamation *per se* or caused special damages." *Emmons v. City University of New York*, 715 F. Supp. 2d 394, 424 (E.D.N.Y. 2010) (internal quotation marks and citations omitted). A statement is defamatory if it "exposes an individual "to public hatred, shame, obloquy, contumely, odium, contempt, ridicule, aversion, ostracism, degradation, or disgrace, or ...

4

induce[s] an evil opinion of one in the minds of right-thinking persons, and ... deprives one of ... confidence and friendly intercourse in society." *Celle v. Filipino Reporter Enterprises Inc.*, 209 F.3d 163, 177 (2d Cir. 2000) (internal quotation marks and citations omitted). Mere conclusory statements that the claimant was disparaged by false statements are insufficient to state a defamation claim. *Scholastic, Inc. v. Stouffer,* 124 F. Supp. 2d 836, 849 (S.D.N.Y. 2000); *see also Reilly v. Natwest Markets Group, Inc.,* 181 F.3d 253, 271 (2d Cir. 1999). Moreover, "a defamation claim is only sufficient if it adequately identifies the purported communication, and an indication of who made the communication, when it was made, and to whom it was communicated. *Thai v. Cayre Grp., Ltd.*, 726 F. Supp. 2d 323, 329 (S.D.N.Y. 2010) (internal quotations omitted).

Here, Plaintiff makes a series of bare and conclusory allegations in his Complaint, including, but not limited to, that "Defendants have communicated to at least one third party" that Plaintiff is "violating the law" and is a "cyber squatter … because of his status as authorized user, registrant, or domain holder of trumpestates.com" (*see* Ex. 1, Complaint, ¶¶ 62, 65). As the Court can plainly see, however, Plaintiff fails to identify (i) which of the Defendants allegedly made the defamatory statements, (ii) the third party to whom the statements were allegedly communicated or (iii) the harm Plaintiff has purportedly suffered. The failure of Plaintiff to properly plead these basic elements is fatal to his defamation claim and therefore requires its dismissal by this Court. *In Touch Concepts, Inc. v. Cellco P'ship*, 949 F. Supp. 2d 447, 484 (S.D.N.Y. 2013).

But, even if Plaintiff had adequately pled these elements, the alleged defamatory statements could not possibly expose Plaintiff "to public hatred, shame, obloquy, contumely, odium, contempt, ridicule, aversion, ostracism, degradation, or disgrace, or ... induce[s] an evil opinion of one in the minds of right-thinking persons, and ... deprives one of ... confidence and friendly intercourse in society." *Celle*, 209 F.3d at 177. This is particularly so given Plaintiff's admissions in the Complaint that (i) "Plaintiff is in the business of buying, marketing, and selling internet

5

domain names" (Complaint, ¶ 36), (ii) "Plaintiff is in the business of resale of registered domain names in the domain aftermarket" (Complaint, ¶ 53), (iii) "Plaintiff is the authorized user of the domain name trumpestates.com" (Complaint, ¶ 54), (iv) "Plaintiff is the registrant of the domain name trumpestates.com" (Complaint, ¶ 55) and (v) "Plaintiff is the domain holder of the domain name trumpestates.com" (Complaint, ¶ 56). Indeed, this is the very definition of a "cybersquatter".[1]

Therefore, since the alleged statements concerning Plaintiff could not possibly arise to an actionable claim for defamation, Count I of the Complaint must be dismissed with prejudice as a matter of law.

### III. PLAINTIFF'S CLAIM FOR TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS (COUNT II) FAILS AS A MATTER OF LAW

Plaintiff's Complaint alleging tortious interference of business relations[2] also fails. To establish such a claim, "a plaintiff must establish '(1) that [he] had a business relationship with a third party; (2) the defendant knew of that relationship and intentionally interfered with it; (3) the defendant acted solely out of malice, or used dishonest, unfair, or improper means; and (4) the defendant's interference caused injury to the relationship.'" *Friedman v. Coldwater Creek, Inc.*,

---

[1] The U.S. Anti-Cybersquatting Consumer Protection Act ("ACPA") imposes civil liability on any person who "without regard to the goods or services of the parties": (i) has a bad faith intent to profit from that mark, including a personal name which is protected as a mark under this section; and (ii) registers, traffics in, or uses a domain name that—(I) in the case of a mark that is distinctive at the time of registration of the domain name, is identical or confusingly similar to that mark; [or] (II) in the case of a famous mark that is famous at the time of registration of the domain name, is identical or confusingly similar to or dilutive of that mark. *See Web-adviso v. Trump*, 927 F. Supp. 2d 32, 38-39 (E.D.N.Y. 2013) (internal citation omitted); 15 U.S.C. § 1125(d)(1)(A).

[2] The Second Circuit has held that a cause of action for tortious interference with business relations may also be referred to as a claim for tortious interference with prospective economic advantage. *See Valley Lane Industries Co. v. Victoria's Secret Brand Management*, 455 F.App'x 102, 105 (2d Cir. 2012) citing *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 547 F.3d 115, 132 (2d Cir. 2008).

321 F. App'x 58, 60 (2d Cir. 2009) (internal citations and quotations omitted); *see also Kirch v. Liberty Media Corp.,* 449 F.3d 388, 400 (2d Cir. 2006) (quoting *Carvel Corp. v. Noonan,* 350 F.3d 6, 17 (2d Cir. 2003) ("*Carvel I* ")); *see also Thome v. Alexander & Louisa Calder Found.,* 70 A.D.3d 88, 108 (1st Dep't 2009) (citing *Carvel Corp. v. Noonan,* 3 N.Y.3d 182, 189–190 (2004) ("*Carvel II* ")). "[C]onduct constituting tortious interference with business relations is, by definition, conduct directed not at the plaintiff itself, but at the party with which the plaintiff has or seeks to have a relationship." *Carvel II,* 3 N.Y.3d at 192.

As the Court stated in *Medtech Prods. v. Ranir, LLC,* 596 F. Supp. 2d 778, 815 (S.D.N.Y. 2008) because a prospective relationship is more speculative than a contract, liability "will be imposed only on proof of more culpable conduct on the part of the interferer under a tortious interference with business relationship claim. Thus, a plaintiff must allege more culpable conduct on the part of the defendant[s] for such a claim than for a claim for tortious interference with contractual relations." (internal citations & quotations omitted). *See Henneberry v. Sumitomo Corp. of Am.,* 532 F. Supp. 2d 523, 547 (S.D.N.Y. 2007); *see also Kramer v. Pollock-Krasner Found.,* 890 F. Supp. 250, 258 (S.D.N.Y. 1995) (a tortious interference with prospective economic advantage claim is "very difficult to sustain"); *G-I Holdings, Inc. v. Barron & Budd*, 179 F. Supp. 2d 233, 252 (S.D.N.Y. 2001) ("Because courts are more protective of contracts than prospective relationships, a higher degree of interference is required to plead the claim."). "This cause of action has a 'limited scope."' *Gianni Versace, S.P.A. v. Versace,* No. 01 Civ. 9645 (PKL) (THK), 2003 WL 470340, at *2 (S.D.N.Y. Feb. 24, 2003) (quoting *Piccoli A/ S v. Calvin Klein Jeanswear Co.,* 19 F. Supp. 2d 157, 169 (S.D.N.Y. 1998)).

For multiple reasons, Plaintiff has not stated and cannot state a valid claim for tortious interference with business relations. First and foremost, Plaintiff has not alleged any specific business relationship with a third party, that Defendants knew of such relationship, that Defendants

7

acted in bad faith or that Plaintiff suffered any damages as a result. Rather, Plaintiff states only, in the most conclusory fashion, that "[d]efendants interfered with business relations with the intent to harm Plaintiff." Such a barebones allegation is insufficient to set forth a cause of action for tortious interference with business relations and, therefore, Plaintiff's claim must be dismissed. *Universal Marine Med. Supply, Inc. v. Lovecchio*, 8 F. Supp. 2d 214, 221 (E.D.N.Y. 1998).

### IV. PLAINTIFF'S DECLARATORY JUDGMENT CLAIMS (COUNTS III THROUGH VI) FAIL AS A MATTER OF LAW

Counts III through VI of the Complaint consist of a series of one or two sentence causes of action in which Plaintiff appears to seek various forms of declaratory relief that he has not violated any laws or rules as a result of his registration and ownership of the Domain Name. Each of these counts, however, contain nothing more than hollow and "naked assertion[s]" devoid of "further factual enhancement," and therefore warrant dismissal. *Iqbal*, 556 U.S. at 678 quoting *Twombly*, 550 U.S. at 557.

It is well settled that in exercising its discretion over declaratory judgment actions a court must look to "the litigation situation as a whole." *CGI Solutions LLC v. Sailtime Licensing Grp., LLC*, No. 05 CIV. 4120, 2005 WL 3097533, at *7 (S.D.N.Y. Nov. 17, 2005). To guide this exercise, the Second Circuit has instructed district courts to ask "(1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved" and "(2) whether a judgment would finalize the controversy and offer relief from uncertainty." *Niagara Mohawk Power Corp. v. Hudson River-Black River Reg'ng Dist.*, 673 F.3d 84, 105 (2d Cir. 2012) (quoting *Dow Jones & Co. v. Harrods Ltd.,* 346 F.3d 357, 359 (2d Cir.2003)).

A claim for declaratory relief of non-infringement must show that the plaintiff: (i) "engaged in a course of conduct evidencing a definite intent and apparent ability to commence use of the

8

[alleged infringing] marks"; and (ii) plaintiff has more than a "vague or general desire" to use the mark at issue. *Starter Corp. v. Converse, Inc.*, 84 F.3d 592, 596-97 (2d Cir. 1996).

To withstand dismissal under Fed. R. Civ. P. 12(b)(6), the claimant must set forth sufficient facts to render a claim "plausible on its face." *Twombly*, 550 U.S. at 555.  Although the courts are to assume that Plaintiff's allegations are true and may construe them liberally, there are limits: "[a] complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)." *DeJesus v. Sears, Roebuck & Co.,* 87 F.3d 65, 70 (2d Cir. 1996); *see also, Societe Des Hotels Meridien v. LaSalle Hotel Operating Partnership*, 02-cv0409 (JSM), 2003 WL 1090281, at * 1 (S.D.N.Y. Mar. 10, 2003) ("Plaintiff must . . . make specific factual allegations and cannot rely on conclusory statements."); *Gmurzynska v. Hutton*, 01-cv-5002, 2003 WL 1193727 (RMB), at *3 (S.D.N.Y. Mar. 13, 2003). Further, allegations that are so conclusory that they fail to give notice of the basic events and circumstances complained by the plaintiff are insufficient as a matter of law.  *See Metrokane, Inc. v. The Wine Enthusiast*, 185 F. Supp. 2d 321, 324 (S.D.N.Y. 2002).

As explained above, Plaintiff's Complaint consists solely of conclusory allegations with no specificity whatsoever as to not only his declaratory judgment claim for non-infringement (Count III) but also to his additional declaratory judgment claims concerning the Policy (Counts IV and V) and the Rules (Count VI).  In other words, Plaintiff provides no notice of his claims for a declaratory judgment and no right to relief on any of these causes of action.  *See ATSI Commc'ns v. Shaar Fund, Ltd.*, 493 F.3d 82, 98 (2d Cir. 2007) (stating facts need not rise to the level of "detailed factual allegations," however they must be sufficient "to raise a right to relief above the speculative level") (quoting *Twombly*, 550 U.S. at 545).

Therefore, Plaintiff's claims for each of the aforementioned declaratory judgments must therefore be dismissed as a matter of law.

9

## **CONCLUSION**

For the reasons set forth above and in the accompanying Maron Declaration, Defendants respectfully request that the Court grant their motion to dismiss the Complaint with prejudice in all respects.

Dated:    New York, New York         THE TRUMP ORGANIZATION
           August 3, 2015

                                                          By: /s/ Matthew R. Maron
                                                              Matthew R. Maron
                                                          725 Fifth Avenue
                                                          New York, New York 10022
                                                          (212) 715-7200
                                                          mmaron@trumporg.com

                                                          *Attorney for Defendants*