# Exhibit 1

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
SCOTT STEPHENS,                          :    Civil Action
                    Plaintiff,           :
                                         :    No. 1:15-cv-2217
        v.                               :
                                         :    COMPLAINT
TRUMP ORGANIZATION LLC,                  :
DONALD J. TRUMP, ALAN GARTEN,            :
and MICHAEL D. COHEN,                    :
                    Defendants.          :
--------------------------------------------------------x
```

Plaintiff SCOTT STEPHENS (hereinafter "Plaintiff") through his attorney respectfully alleges:

## INTRODUCTION

1. Plaintiff seeks money damages and declaratory judgment against Defendants TRUMP ORGANIZATION LLC, DONALD J. TRUMP, ALAN GARTEN, and MICHAEL D. COHEN (collectively the "Defendants"), who are liable to Plaintiff for defamation and tortious interference of business relations regarding Plaintiff's exclusive right to use the domain name "trumpestates.com" as its lawful authorized user, registrant, or domain holder.

## JURISDICTION

2. Plaintiff is a natural person.

3. Plaintiff is a citizen of the State of California.

4. Defendant TRUMP ORGANIZATION LLC is a New York limited liability company.

5. Defendant TRUMP ORGANIZATION LLC is a citizen of the State of New York.

6. Defendant TRUMP ORGANIZATION LLC's members are citizens of the State of New York.

7. Defendant TRUMP ORGANIZATION LLC's New York State Department of State DOS ID # is 2405651.

8. Defendant TRUMP ORGANIZATION LLC's New York State Department of State Initial DOS Filing Date is August 4, 1999.

9. Defendant TRUMP ORGANIZATION LLC's New York State Department of State Current Entity Status is Active.

10. Defendant TRUMP ORGANIZATION LLC may be served process via its registered agent, National Registered Agents, Inc., 111 Eighth Avenue, New York, New York 10011.

11. Defendant DONALD J. TRUMP is a natural person.

12. Defendant DONAL J. TRUMP is a citizen of the State of New York.

13. Defendant DONAL J. TRUMP may be served process at 725 5th Avenue, New York, New York 10022.

14. Defendant ALAN GARTEN is a natural person.

15. Defendant ALAN GARTEN is a citizen of the State of New York.

16. Defendant ALAN GARTEN may be served process at 725 5th Avenue, New York, New York 10022.

17. Defendant MICHAEL D. COHEN is a natural person.

18. Defendant MICHAEL D. COHEN is a citizen of the State of New York.

19. Defendant MICHAEL D. COHEN may be served process at 725 5th Avenue, New York, New York 10022.

20. The matter in controversy in this civil action exceeds the sum or value or $75,000, exclusive of interest and costs.

21. This civil action is between citizens of different States.

22. Jurisdiction is proper in this Court under 28 U.S.C. § 1332(a)(1).

## VENUE

23. Defendant TRUMP ORGANIZATION LLC resides in this judicial district.

24. Defendant TRUMP ORGANIZATION LLC is an entity with the capacity to sue and be sued in its common name under applicable law.

25. Defendant TRUMP ORGANIZATION LLC is subject to this court's personal jurisdiction with respect to this civil action.

26. Defendant DONALD J. TRUMP resides in this judicial district.

27. Defendant DONALD J. TRUMP is domiciled in this judicial district.

28. Defendant ALAN GARTEN resides in this judicial district.

29. Defendant ALAN GARTEN is domiciled in this judicial district.

30. Defendant MICHAEL D. COHEN resides in this judicial district.

31. Defendant MICHAEL D. COHEN is domiciled in this judicial district.

32. Venue is proper in this court under 28 U.S.C. §1391(b)(1).

33. A substantial part of the events giving rise to this claim occurred in this judicial district.

34. Venue is proper in this judicial district under 28 U.S.C. §1391(b)(2).

## COUNT I - DEFAMATION

35. Plaintiff repeats, realleges, and incorporates the allegations in paragraphs 1 through 34.

36. Plaintiff is in the business of buying, marketing, and selling internet domain names.

37. A domain name is an identification string that defines a realm of administrative autonomy, authority, or control within the internet.

38. The internet is a global system of interconnected computer networks that use the standard Internet protocol suite (TCP/IP) to link several billion devices worldwide. It is a network or

3

networks that consists of millions of private, public, academic, business, and government networks of local to global scope, linked by a broad array of electronic, wireless, and optical networking technologies. The Internet carries an extensive range of information resources and services, such as the inter-linked hypertext documents and applications of the World Wide Web (WWW), the infrastructure to support email, and peer-to-peer networks for file sharing and telephony.

39. Domain names are formed by the rules and procedures of the Domain Name System (DNS).

40. Any name registered in the DNS is a domain name.

41. Domain names are used in various networking contexts and application-specific naming and addressing purposes.

42. In general, a domain name represents an Internet Protocol (IP) resource, such as a personal computer used to access the internet, a server computer hosting a website, or the web site itself or any other service communicated via the internet.

43. In 2014, the number of active domains reached approximately 271 million.

44. The right to use a domain name is delegated by domain name registrars, which are accredited by the Internet Corporation for Assigned Names and Numbers (ICANN), the organization charged with overseeing the name and number systems of the Internet.

45. In addition to ICANN, each top-level domain (TLD) is maintained and serviced technically by an administrative organization operating a registry.

46. A registry is responsible for maintaining the database of names registered within the TLD it administers.

4

47. The registry receives registration information from each domain name registrar authorized to assign names in the corresponding TLD and publishes the information using a special service, the WHOIS protocol.

48. Registries and registrars usually charge an annual fee for the service of delegating a domain name to a user and providing a default set of name servers. Often, this transaction is termed a sale or lease of the domain name, and the registrant may sometimes be called an "owner," but no such legal ownership is actually associated with the transaction, only the exclusive right to use the domain name. More correctly, authorized users are known as "registrants" or "domain holders."

49. Domain names are often seen in analogy to real estate in that the domain names are foundations on which a website can be built, and the highest quality domain names, like sought-after real estate, tend to carry significant value, usually due to their online brand-building potential, use in advertising, search engine optimization, and many other criteria.

50. The business of resale of registered domain names is known as the domain aftermarket.

51. Various factors influence the perceived value or market value of a domain name.

52. Most of the high-prize domain sales are carried out privately.

53. Plaintiff is in the business of resale of registered domain names in the domain aftermarket.

54. Plaintiff is the authorized user of the domain name trumpestates.com.

55. Plaintiff is the registrant of the domain name trumpestates.com.

56. Plaintiff is the domain holder of the domain name trumpestates.com.

57. Plaintiff has the exclusive right to use the domain name trumpestates.com.

58. Plaintiff became the authorized user, registrant, or domain holder of trumpestates.com in 2004.

59. Plaintiff has maintained his status as authorized user, registrant, or domain holder of trumpestates.com since 2004.

60. Trumpestates.com is not registered as a trademark with the United States Patent and Trademark Office.

61. A plural and singular, and live and dead search of "trumpestates.com" on the United States Patent and Trademark Office Trademark Electronic Search System (TESS) yields no results.

62. Defendants have made false statements about Plaintiff that has harmed his reputation.

63. Defendants have made communicated false statements to at least one third party about Plaintiff that has harmed his reputation.

64. Defendants have communicated to at least one third party that Plaintiff is "violating the law" because of his status as authorized user, registrant, or domain holder of trumpestates.com.

65. Defendants have communicated to at least one third party that Plaintiff is "cyber squatting" because of his status as authorized user, registrant, or domain holder of trumpestates.com.

66. Defendants have communicated other false statements to at least one third party regarding Plaintiff's status as authorized user, registrant, or domain holder of trumpestates.com.

67. Defendants are liable to Plaintiff for defamation for their aforementioned alleged conduct.

**COUNT II - TORTIOUS INTERFERENCE OF BUSINESS RELATIONS**

68. Plaintiff repeats, realleges, and incorporates the allegations in paragraphs 1 through 67.

69. Defendants interfered with Plaintiff's business relations with the intent to harm Plaintiff.

70. Defendants are liable to Plaintiff for tortious interference of business or contractual relations.

## COUNT III - DECLARATORY JUDGMENT

### No Trademark or Service Mark Infringement

71. Plaintiff repeats, realleges, and incorporates the allegations in paragraphs 1 through 70.

72. Trumpestates, trump estates, or trumpestates.com are not registered trademarks.

73. Trumpestates, trump estates, or trumpestates.com are not registered service marks.

74. Defendants do not own the marks trumpestates, trump estates, or trumpestates.com.

75. Plaintiff is not in violation of U.S. Trademark law as a result of his status as authorized user, registrant, or domain holder of trumpestates.com.

## COUNT IV - DECLARATORY JUDGMENT

### No Violation of the Uniform Domain Name Dispute Resolution Policy

76. Plaintiff repeats, realleges, and incorporates the allegations in paragraphs 1 through 75.

77. Plaintiff is subject to the Uniform Domain Name Dispute Resolution Policy (the "Policy") adopted by the Internet Corporation for Assigned Names and Numbers ("ICANN") on October 24, 1999, as a result of his status as authorized user, registrant, or domain holder of trumpestates.com.

78. Plaintiff has not violated the Policy as a result of his status as authorized user, registrant, or domain holder of trumpestates.com.

## COUNT V - DECLARATORY JUDGMENT

### No Violation of the Rules for Uniform Domain Name Dispute Resolution Policy

79. Plaintiff repeats, realleges, and incorporates the allegations in paragraphs 1 through 78.

80. Plaintiff has not violated the Rules for Uniform Domain Name Dispute Resolution Policy as a result of his status as authorized user, registrant, or domain holder of trumpestates.com.

## COUNT VI - DECLARATORY JUDGMENT

### No Violation of the WIPO Arbitration and Mediation Center Rules for Uniform Domain Name Dispute Resolution Policy

81. Plaintiff repeats, realleges, and incorporates the allegations in paragraphs 1 through 80.

82. Plaintiff has not violated the WIPO Arbitration and Mediation Center Rules for Uniform Domain Name Dispute Resolution Policy as a result of his status as authorized user, registrant, or domain holder of trumpestates.com.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff requests entry of judgment against Defendants, each of them, as follows:

### COUNT I - DEFAMATION

a. Compensatory damages of twenty-one million dollars ($21,000,000.00 U.S.);

b. Punitive damages of sixty-three million dollars ($63,000,000.00 U.S.); and

c. All further and other relief as this Court may deem just and proper.

### COUNT II - TORTIOUS INTERFERENCE OF BUSINESS RELATIONS

d. Compensatory damages of twenty-one million dollars ($21,000,000.00 U.S.);

e. Punitive damages of sixty-three million dollars ($63,000,000.00 U.S.); and

f. All further and other relief as this Court may deem just and proper.

### COUNT III - DECLARATORY JUDGMENT

### No Trademark or Service Mark Infringement

g. Declaratory judgment that Plaintiff is not in violation of U.S. Trademark law as a result of his status as authorized user, registrant, or domain holder of trumpestates.com.

### COUNT IV - DECLARATORY JUDGMENT

**No Violation of the Uniform Domain Name Dispute Resolution Policy**

h. Declaratory judgment that Plaintiff has not violated the Uniform Domain Name Dispute Resolution Policy as a result of his status as authorized user, registrant, or domain holder of trumpestates.com.

**COUNT V - DECLARATORY JUDGMENT**

**No Violation of the Rules for Uniform Domain Name Dispute Resolution Policy**

i. Declaratory judgment that Plaintiff has not violated the Rules for Uniform Domain Name Dispute Resolution Policy.

**COUNT VI - DECLARATORY JUDGMENT**

**No Violation of the WIPO Arbitration and Mediation Center Rules for Uniform Domain Name Dispute Resolution Policy**

j. Declaratory judgment that Plaintiff has not violated the WIPO Arbitration and Mediation Center Rules for Uniform Domain Name Dispute Resolution Policy.

Respectfully submitted,

Dated: New York, New York
April 19, 2015

s/ Brian L. Ponder
BRIAN L. PONDER, ESQ.
BRIAN PONDER LLP
200 Park Avenue, Suite 1700
New York, New York 10166
Telephone: 1 (646) 450-9461
Facsimile: 1 (646) 607-9238
Email: brian@brianponder.com
Attorney for Plaintiff SCOTT STEPHENS