UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
                                                                               :

SCOTT STEPHENS,                                  :  Case No. 1:15-cv-02217-ENV-LB

                                           Plaintiff,          :

                                                               :  **Date of Service:**

        -against-                              :

                                                                 :  **September 16, 2015**

TRUMP ORGANIZATION LLC,                           :
DONALD J. TRUMP, ALAN GARTEN,              :
and MICHAEL COHEN,                               :

                                           Defendants.      :
------------------------------------------------------------------------x


## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT


                                                          Matthew R. Maron
                                                          THE TRUMP ORGANIZATION
                                                          725 Fifth Avenue
                                                          New York, New York 10022
                                                          (212) 715-7200
                                                          mmaron@trumporg.com

                                                          *Attorney for Defendants*

## **TABLE OF CONTENTS**

**Page(s)**

TABLE OF AUTHORITIES……………………………………………………………………. iii

PRELIMINARY STATEMENT……………………………………………………………….1

ARGUMENT…………………………………………………………………………………...2

    I.    PLAINTIFF CANNOT STATE A CAUSE OF ACTION FOR DEFAMATION AS THE STATEMENTS AT ISSUE ARE NOT DEFAMATORY AND ARE PROTECTED OPINION…………………………..2

    II.    PLAINTIFF CANNOT STATE A CAUSE OF ACTION FOR TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS…………………………….4

    III.    PLAINTIFF'S DECLARATORY JUDGMENT CLAIMS FAIL AS A MATTER OF LAW……………………………………………………………..…5

    IV.    PLAINTIFF SHOULD BE DENIED LEAVE TO AMEND HIS COMPLAINT AND THIS ACTION SHOULD BE DISMISSED WITH PREJUDICE ……...…6

CONCLUSION……………………………………………………………………………………8

ii

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                          **Page(s)**

*Akran v. U.S.*
997 F. Supp. 2d 997 (E.D.N.Y. 2014)……………………………………..…………………....…7

*Ashcroft v. Iqbal*
 556 U.S. 662 (2009)…………………………………………………………………..…………5

*ATSI Commc'ns v. Shaar Fund, Ltd.*
493 F. 3d 82 (2d Cir. 2007)………………………………………………………..……….6

*Bell Atlantic Corp. v. Twombly*
550 U.S 544 (2007)………………………………………………………………………..….6

*Brahms v. Carter*
33 F. Supp. 3d 192 (E.D.N.Y 2014)…………………………………………....................……2, 3

*Brian v. Richardson*
87 N.Y.2d 46 (1995)……………………………………………………………………......2

*Celle v. Filipino Reporter Enterprises Inc.*
209 F.3d 163 (2d Cir. 2000)……………...………………………..…………………….......2

*Cuoco v. Moritsugu*
222 F.3d 99 (2d. Cir. 2000)……………………………………………………….…..……….6

*Garnett-Bishop v. New York Community Bancorp, Inc.*
2014 WL 5822628 (E.D.N.Y. Nov. 6, 2014)………...……….....…………………….……….2

*Hinds v. Option One Mortgage Corp.*
2012 WL 3827477 (E.D.N.Y. Dec. 6, 2012)
*report and recommendation adopted,* 2013 WL 132719 (E.D.N.Y. Jan. 10, 2013)…...….…….…7

*Immuno AG v. Moor-Jankowski*
77 N.Y.2d 235 (1991)……………………………...………………………..……………….3

*Jordan v. Forfeiture Support Associates*
928 F. Supp. 2d 588 (E.D.N.Y 2013)……………………………………….............………7

*Levin v. McPhee*
119 F.3d 189 (2d Cir. 1997)……………………………...……………………..……………….3

*Marks v. Abott Laboratories & Co.*
2012 WL 1004874 (E.D.N.Y Mar. 23, 2012)………………………………..…………..…7

*Sallen v. Corinthians Licenciamentos LTDA*
273 F.3d 14 (1st Cir. 2000)……………………………..………………………...…..5, 6

*Thomas v. Venditto*
925 F. Supp. 2d 352 (E.D.N.Y. 2014)……………………………………………………...7

*Torain v. Liu*
279 Fed. Appx 46 (2d Cir 2008)………………..……...…………………..………....3, 4

*Yarborough v. Queens Auto Mall, Inc.*
2010 WL 1223584 (E.D.N.Y. Mar. 23, 2010)……………………………..……..……..7

Defendants[1] respectfully submit this Reply Memorandum in further support of their motion to dismiss Plaintiff's Complaint.

**<u>PRELIMINARY STATEMENT</u>**

Instead of setting forth a legitimate basis upon which his claims should move forward, in opposing[2] Defendants' motion, Plaintiff resorts to citing to a series of inapposite cases and legal standards without once explaining how the law relates back to the facts let alone how the law applies to the allegations in the Complaint.  For example, while Plaintiff acknowledges that defamation requires, among other thing, a false and defamatory statement of fact, through fault amounting to at least negligence on the part of the publisher and which constitutes defamation *per se* or results in special damages, he fails to explain how any those elements are or could ever be satisfied.  Instead, Plaintiff simply cites the law while making no attempt to apply the facts.  The same holds true for Plaintiff's tortious interference and declaratory judgment claims.  Again, Plaintiff spends half of his Opposition Brief explaining the law, but neglects to apply any of it to the facts.  As a result, Plaintiff's Opposition Brief makes no effort to cure any of the pleading deficiencies identified by Defendants' in their Moving Memorandum.

Alternatively, Plaintiff asks this Court to grant him leave to amend his Complaint.  However, as will be discussed below, Plaintiff fails to explain how amending the Complaint would cure any of the pleading deficiencies identified by Defendants.  In short, Plaintiff offers no answers.  As a result, allowing Plaintiff to amend his Complaint would be futile.

For all of these reasons, Defendants respectfully request that the Complaint be dismissed, with prejudice, as a matter of law.

---

[1]    Capitalized terms not otherwise defined herein shall have the same meaning as was ascribed to them in Defendants' moving brief dated August 6, 2015 (the "Moving Memorandum").

[2]    References to Plaintiff's response to Defendants' Moving Memorandum are cited as "Opposition Brief" or "Opposition Br." followed by the applicable page number.

**ARGUMENT**

I. **PLAINTIFF CANNOT STATE A CAUSE OF ACTION FOR DEFAMATION AS THE STATEMENTS AT ISSUE ARE NOT DEFAMATORY AND ARE PROTECTED OPINION**

In his Opposition Brief, Plaintiff principally argues that the statement by one of the Defendants (the identity of whom the Complaint does not specify) that Plaintiff's "cyber squatting" activities were "violating the law" and "infringing a trademark" are reasonably susceptible of a defamatory connotation. Opposition Br. 12-13. As explained in the Moving Memorandum, however, Defendants' statements clearly constitute opinion and are, thus, not actionable as a matter of law.

As this Court has previously held, under New York law[3], the standard for determining if a statement constitutes defamation as opposed to opinion is: "(1) whether the specific language in issue has a precise meaning which is readily understood; (2) whether the statements are capable of being proven true or false; and (3) whether either the full context of the communication in which the statement appears or the broader social context and surrounding circumstances are such as to 'signal ... readers or listeners that what is being read or heard is likely to be opinion, not fact.'" *Brahms v. Carter*, 33 F. Supp. 3d 192, 198 (E.D.N.Y. 2014) *citing Brian v. Richardson*, 87 N.Y.2d 46, 51 (1995) (internal citations omitted).

In weighing these factors, this Court has held that "the court should look to the over-all context in which the assertions were made and determine on that basis 'whether the reasonable

---

[3]   New York law can be applied in a defamation case where the court exercises its diversity jurisdiction. *Celle v. Filipino Reporter Enterprises Inc.*, 209 F.3d 163, 175 (2d Cir. 2000). Defendants' argued in their Moving Memorandum that New York law applied to Plaintiff's defamation claim (*id.* at 4) and this was not refuted in Plaintiff's Opposition Brief. Therefore, Plaintiff has acquiesced to the application of New York law in this action with regard to this particular claim and any argument they had is now abandoned. *Garnett-Bishop v. New York Community Bancorp, Inc.*, 2014 WL 5822628, *7 (E.D.N.Y. Nov. 6, 2014) (internal citations omitted).

reader would have believed that the challenged statements were conveying facts about the libel plaintiff.'" *Brahms*, 33 F. Supp. 3d at 198, *quoting Immuno AG. v. Moor–Jankowski*, 77 N.Y.2d 235, 254 (1991).  As the New York Court of Appeals has explained, to determine whether a statement is factual or opinion, a court should "begin[] by looking at the content of the whole communication, its tone and apparent purpose" and that the "statements must first be viewed in their context in order for courts to determine whether a reasonable person would view them as expressing or implying *any* facts." *Immuno AG.*, 77 N.Y.2d at 254 (emphasis in original) (internal citations omitted); *see also Levin v. McPhee,* 119 F.3d 189, 196 (2d Cir. 1997).

Considering the "full context" of the statements in this instance, *i.e.*, a *New York Post* article written in response to a cease and desist letter which one of the Defendants had sent to Plaintiff, it is clear that no "reasonable reader" could have justifiably believed that the statements at issue were conveying anything other than the declarant's opinion that Plaintiff was a "cyber squatter" who was [and is] "violating the law" and infringing upon a trademark by reason of his registration of the Domain Name (www.trumpestates.com).  As a result, the viability of Plaintiff's defamation claim is a question of law which should be resolved by this Court in deciding Defendants' motion to dismiss.  *See Levin,* 119 F.3d at 197 (whether a statement constitutes protected opinion or an unprotected factual assertion is a question of law for the Court to decide); *Torain v. Liu*, 279 Fed.Appx. 46 (2d Cir. 2008); *see also Celle*, F.3d at 163 (statements of pure opinion are not deemed defamatory in nature and claims based upon such statements should be dismissed as a matter of law at the pre-answer stage).

But, even if the statements are not opinion, dismissal is warranted any way since they do not come even close to exposing Plaintiff "to public hatred, shame, obloquy, contumely, odium, contempt, ridicule, aversion, ostracism, degradation, or disgrace, or ... induce[s] an evil opinion of one in the minds of right-thinking persons, and ... deprives one of ... confidence and friendly

3

intercourse in society" – a requirement for any defamation claim. *Celle,* 209 F.3d at 177 (internal citation omitted).

In *Torain*, for instance, the Second Circuit upheld dismissal of a defamation claim brought by a radio disk jockey against a local politician after the politician had referred to the disk jockey at a press conference as a "sick racist pedophile," a "loser pedophile," a "broadcaster pedophile," a "child predator", "lunatic" and "criminal" who "must be put behind bars". *Id.* at 46, 47. The Second Circuit explained that in the entire context at issue, "a reasonable listener could not have believed that the statements were intended to convey objective facts." *Id*. Instead, the Court held that the comments by the politician were merely reflective of his "opinion" of the disk jockey who had made a series of lude on air comments regarding the daughter of one of his radio show rivals. Summarizing its holding, the Court explained that "when examined in the context in which they were made, we conclude that none of [the defendant's] statements would 'reasonably appear to state or imply assertions of objection fact.'" *Torain*, 279 Fed.Appx. at 47 (internal citation omitted).

Plaintiff cannot (and does not) dispute this analysis. Indeed, other than citing a series of inapposite cases and legal standards, Plaintiff does not once explain to this Court how the law relates back to the facts of this case or the allegations in the Complaint. In short, Plaintiff performs no factual analysis. Since Plaintiff has failed to demonstrate any ground to support his claim for defamation, Count I of the Complaint must be dismissed with prejudice and as a matter of law.

## II. PLAINTIFF CANNOT STATE A CAUSE OF ACTION FOR TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

Also still lacking is Plaintiff's claim for tortious interference with business relations. Not only does Plaintiff cite legal standards without any analysis to the facts, he makes barely any attempt to distinguish the authority cited by Defendants in support of dismissal. *See* Moving Memorandum at 6-8. Nowhere in Plaintiff's Opposition Brief, for example, does he attempt to

4

address the most basic elements for a claim of tortious interference; namely a specific business relationship with a third party, that Defendants knew of such relationship, that Defendants acted in bad faith or that Plaintiff suffered any damages as a result. Rather, Plaintiff attempts to morph his conclusory defamation claims (*see* Maron Declaration, Ex. 1, Complaint, ¶¶ 63 - 65) into an actionable claim for tortious interference. Opposition Br. at 16. That does not work. As a result, Plaintiff's tortious interference claim completely fails.

In addition, Plaintiff argues simply that, despite his numerous pleading failures, discovery in this case should move forward. Opposition Br. at 16. Plaintiff's request is a blatant fishing expedition, and the Supreme Court has made clear that in this situation, dismissal is mandated and the requested discovery may not be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009) ("Because [plaintiff's] complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise").

Therefore, Count II of the Complaint must be dismissed with prejudice as a matter of law.

### III. PLAINTIFF'S DECLARATORY JUDGMENT CLAIMS FAIL AS A MATTER OF LAW

Plaintiff's declaratory judgment causes of action also fail. The only authority Plaintiff relies upon is a case decided outside of this Circuit in which the website registrant in question sought, among other things, a stay of the underlying WIPO proceeding and a declaration under the ACPA where it was clearly plead in that action that the domain registration at issue had no bad faith intent and the registrant (who was a United States resident) had no knowledge of the existence of the aggrieved trademark holder (a company located in Brazil). *Sallen v. Corinthians Licenciamentos LTDA*, 273 F.3d 14 (1st Cir. 2000).

Here, all parties in this action are located in the United States and no international parties are involved in the case. In addition, and in contrast with the parties in *Sallen*, nowhere in the Complaint was it plead (or could it ever be alleged) that Plaintiff had no knowledge of the existence

5

of the trademark holder (Mr. Trump). Therefore, *Sallen* is factually distinguishable and should be given no weight by this Court.

Moreover, Plaintiff failed to refute *any* of the well-settled authority cited in the Moving Memorandum in support of Defendants' arguments to dismiss the Complaint's bare and conclusory declaratory judgment causes of action. *See* Moving Memorandum at 8-9. As argued in Defendants' Moving Memorandum, Plaintiff's declaratory judgment claims contain absolutely no specific detail whatsoever. *Id.* at 9. In other words, Plaintiff provides no notice of his claims for a declaratory judgment and no right to relief on any of these causes of action. *Id.*, *see also ATSI Commc'ns v. Shaar Fund, Ltd.*, 493 F.3d 82, 98 (2d Cir. 2007) (stating facts need not rise to the level of "detailed factual allegations," however they must be sufficient "to raise a right to relief above the speculative level") (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007)).

Therefore, Counts III through VI of the Complaint must be dismissed with prejudice as a matter of law.

## IV. PLAINTIFF SHOULD BE DENIED LEAVE TO AMEND HIS COMPLAINT AND THIS ACTION SHOULD BE DISMISSED WITH PREJUDICE

Plaintiff argues that should his Complaint be dismissed, he should have an opportunity to replead his claims by way of an amended complaint. Opposition Br. at 17-18.[4] However, when seeking leave to amend a complaint, the plaintiff must detail the proposed amendments and the reasons why such amendments are necessary. *Yarborough v. Queens Auto Mall, Inc.*, 2010 WL 1223584, *3 (E.D.N.Y. Mar. 23, 2010) ("Motions to amend a complaint must explain the basis for, and nature of, the proposed amendment…so that both the court and opposing parties can understand the exact changes sought"). Plaintiff has failed to do that. In addition, when such a

---

[4] Although Plaintiff curiously relies upon *Cuoco v. Moritsugu*, 222 F.3d 99 (2d. Cir. 2000) (a case where leave to amend a complaint was *denied* where the Court determined that the claims at issue lacked substance) to support his position that leave should be granted, there is nothing which Plaintiff has put forth which suggests that *Cuoco* is applicable to the facts and circumstances here.

6

motion is made, the plaintiff must attach the proposed amendment to the moving papers. *Akran v. U.S.*, 997 F. Supp. 2d 197 (E.D.N.Y. 2014) (internal citations omitted); *see also Thomas v. Venditto*, 925 F. Supp. 2d 352, 366-67 (E.D.N.Y. 2013). Plaintiff has failed to do that as well.

However, even if Plaintiff had followed the proper procedures necessary to request leave to amend, Plaintiff's pleading and papers to date suggest that any attempt to amend his claims would be futile and denial for leave to amend under these circumstances is entirely proper. *Akran¸* 997 F. Supp. 2d at 207 (leave to amend complaint denied); *see also Hinds v. Option One Mortgage Corp.*, 2012 WL 6827477, *8 (E.D.N.Y. Dec. 6, 2012) (internal citations omitted) *report and recommendation adopted,* 2013 WL 132719 (E.D.N.Y. Jan. 10, 2013) (leave to amend denied and complaint dismissed with prejudice).

Lastly, it had been held in this Court that where there is no possibility of a plaintiff asserting cognizable claims (which is the case here), dismissal with prejudice is appropriate. *See Marks v. Abott Laboratories & Co.*, 2012 WL 1004874, *2 (E.D.N.Y. Mar. 23, 2012).

In support of his argument that this action should not be dismissed with prejudice, Plaintiff improperly relies upon *Jordan v. Forfeiture Support Associates*, 928 F. Supp. 2d 588 (E.D.N.Y 2013) which is inapposite to the facts and circumstances involving the underlying matter here and dealt with claims asserted by a *pro se* plaintiff. *Id*. at 590. Here, Plaintiff is represented by counsel and has put forth in his Complaint, at best, a series of flimsy allegations in what Defendants have previously described as an attempt to manufacture a theory of liability where none exists. *See* Moving Memorandum at 1. Even now with his case on the verge of dismissal, it does not appear that Plaintiff seeks to provide any further support for the causes of action asserted in the Complaint, and any attempt to do so in the future would be futile.

Therefore, since Plaintiff has made no attempt to detail or support the claims in the Complaint, dismissal with prejudice is appropriate.

## **CONCLUSION**

For all these reasons, as well as those set forth in the Moving Memorandum, Plaintiff's Complaint in this action should be dismissed with prejudice.

Dated:    New York, New York                THE TRUMP ORGANIZATION
          September 16, 2015

                                            By:    /s/ Matthew R. Maron
                                                   Matthew R. Maron
                                            725 Fifth Avenue
                                            New York, New York 10022
                                            (212) 715-7200
                                            mmaron@trumporg.com

                                            *Attorney for Defendants*